UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHANNING LAMONTE SCOTT,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID GLADIEUX, COMMAND, ABERNATHY, BUTLER, MORGAN, MALCOME, HEFFLEY, JOHN DOE, and JANE DOE,<br><br>  Defendants. | CAUSE NO. 1:22-CV-437-HAB-SLC |

## OPINION AND ORDER

Channing Lamonte Scott, a prisoner without a lawyer, filed a vague complaint with unrelated claims. ECF 1. He alleges Officer Abernathy refused to tell the kitchen staff about raw meat on November 26, 2022, but he does not explain what injury, if any he suffered as a result. He alleges Officer Morgan punished him by locking him inside his cell for 24 to 48 hours, but he does not explain why nor when. He alleges Sgt. Butler locked him inside his cell because other inmates were fighting, but he does not say for how long or when. He alleges Officer Malcome locked him in his cell for 24-48 hours, but he does not say why or when. He alleges Officer Heffley refused to feed him, but he does not say for how long, when, or what injury he suffered as a result.

"[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). These five separate events were allegedly caused by five separate defendants on seemingly five separate occasions. Scott can

bring all of these claims, but they have to be in separate lawsuits. When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Scott needs to decide which related claims to bring in this case. To do so, he must put this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. If he wants to pursue any other claims, he must file a separate complaint with a new case number for each unrelated group of claims.

In addition, Scott sues David Gladieux, 1st and 2nd Shift Command, Officers John Doe, and Officers Jane Doe. However, he does not say why he is suing any of them. Moreover, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Finally, he describes four other seemingly unrelated events. He alleges he is locked in his cell 14 hours a day, but he does not say by whom, why, or what injury he has suffered as a result. He alleges the only calisthenics he is allowed is walking, but he does not say by whom, why, how he is prevented from doing pushups or other exercises, or what injury he has suffered as result. He alleges he is unable to obtain copies or have legal materials notarized, but he does not say when, by whom, what he

2

needs copied or notarized, or what actual injury he has suffered as a result. He alleges he may only submit two requests/grievances per week, but he does not say by whom, when he has needed to submit more, why he needed to submit more, or what injury he has suffered as a result.

Whatever claims Scott brings in this case or others, he needs to provide an adequate factual basis to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

For these reasons, the court:

(1) GRANTS Channing Lamonte Scott until **January 6, 2023**, to file an amended complaint in this case; and

3

4

(2) CAUTIONS Channing Lamonte Scott if he does not respond by the deadline, the court will select a claim and dismiss any other unrelated claims.

SO ORDERED on December 2, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT