UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHANNING LAMONTE SCOTT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-437-HAB-SLC |
| DAVID GLADIEUX, | |
| Defendant. | |

OPINION AND ORDER

Channing Lamonte Scott, a prisoner without a lawyer, filed a second amended complaint against Allen County Sheriff David Gladieux. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Scott, a pre-trial detainee, alleges since August 25, 2022, Sheriff Gladieux has kept him "locked inside of a one-man cell with another inmate for the majority of a 24 hr day and all day on occasions without access to a phone or a window with a view." ECF 8 at 2. Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the

constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. It unclear whether Scott is being housed under these conditions as punishment. If so, it is unclear if he was given due process. To the extent the complaint alleges Scott is being housed in these ways as punishment without due process, the complaint states a claim.

"[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). Holding Scott for trial is a legitimate governmental purpose. Doing so without a window with a view is not excessive in relation to that purpose. Neither is holding him without a phone because pre-trial detainees are not entitled to use of the telephone. *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1145 n.2 (7th Cir. 1983) ("We find no Sixth Amendment right to place a phone call, be it to an attorney or family members."). "The very object of imprisonment is confinement . . . [a]nd, as our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted). But, restricting him to a one-man cell with a cellmate for extended periods of time might be excessive.

Scott alleges these conditions are "[c]ausing me mental anguish as well as pain and suffering."ECF 8 at 2. He asks for compensatory damages, but federal law prohibits compensation for mental or emotional injury without a physical injury. 42 U.S.C. §

1997e(e). These due process violations, if proven, are not alleged to have themselves caused physical injury. Nevertheless,

> [b]ecause the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury.

*Carey v. Piphus*, 435 U.S. 247, 266 (1978) (citation omitted). Therefore, Scott may only proceed "to recover nominal damages not to exceed one dollar . . .." *Id*. 435 U.S. at 267.

For these reasons, the court:

(1) GRANTS Channing Lamonte Scott leave to proceed against Sheriff David Gladieux in his official capacity for nominal damages not to exceed one dollar for punishing him without due process or for restricting him to a one-man cell with a cellmate for extended periods of time when doing so was excessive in relation to a legitimate government purpose in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) David Gladieux at the Allen County Jail, with a copy of this order and the amended complaint (ECF 8);

(4) ORDERS the Allen County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), David Gladieux to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 17, 2023.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT